UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL MIRANDA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION NO.  1:15-cv-10806 |
| CNMC MANAGEMENT TRUST ) | |
| NATIONSTAR MORTGAGE LLC and ) | (Mass. Super. Ct. Norfolk County |
| FEDERAL NATIONAL MORTGAGE ) | C.A. No. NOCV2014-01725) |
| ASSOCIATION ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Pursuant to 12 U.S.C. § 1723a(a) and 28 U.S.C. § 1441 & 1446, Defendants Nationstar Mortgage LLC ("Nationstar") and Federal National Mortgage Association ("Fannie Mae") (collectively, "Defendants")[1] hereby remove the action entitled *Daniel Miranda v. CNMC Management Trust, Nationstar Mortgage LLC and Federal National Mortgage Association*, Massachusetts Superior Court, Docket Number NOCV2014-01725 (the "Superior Court Action"), to the United States District Court for the District of Massachusetts (the "District Court").  Pursuant to LR 3.1, the Civil Cover Sheet and Category Sheet to accompany this Notice of Removal are attached hereto as **Exhibit "A."**  The ground for removal is federal question jurisdiction conferred by the federal charter of Defendant Fannie Mae, as follows:

---

[1] The undersigned counsel does not represent Defendant CNMC Management Trust ("CNMC").  On information and belief, based upon correspondence with Plaintiff's counsel on March 6, 2015, as well as on a review of the docket in the state court from which this action is being removed, CNMC has not at this time been served with process.  *See* 28 U.S.C. § 1446(b)(2)(A) ("all defendants who have been properly joined and served must join in or consent to the removal of the action").

1. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed timely.

   a. On or about February 27, 2015, Defendants received service of the Complaint (the "Complaint") of Plaintiff Daniel Miranda ("Plaintiff"), along with a Summons and a Scheduling Order for X Track.  True and accurate copies of these pleadings are attached as **Exhibit "B."**

   b. This Notice of Removal, as dated below, is filed with the District Court within thirty (30) days of service of the initial pleadings in the Superior Court Action.

2. Pursuant to 12 U.S.C. § 1723a(a), the federal charter of Fannie Mae confers federal question jurisdiction for this Court to hear this action.[2]

   a. 12 U.S.C. § 1723a(a) grants Federal National Mortgage Association the "power . . . to sue and to be sued, and to complain and to defend, in any court of competent jurisdiction, State or Federal . . . ."  This provision is known as Fannie Mae's "sue and be sued" clause.

   b. The Complaint names Federal National Mortgage Association as a Defendant in this action.  *See, e.g.*, Compl. ¶ 6.

   c. In *Am. Nat. Red Cross v. S.G. & A.E.*, the United States Supreme Court, in determining that the federal courts had jurisdiction over any action in which the Red Cross was a party, set forth a categorical rule "that a congressional charter's 'sue and be sued' provision may be read to confer federal court jurisdiction if, but only if, it specifically mentions the federal courts."  505 U.S. 247, 254 (1992) (Souter, J.).

---

[2] Given that, on information and belief, Defendant CNMC, the only nominally-Massachusetts-based named defendant, has not yet been served with process, the remaining Defendants expressly reserve, and do not waive, their right to also assert a basis for removal on grounds of diversity jurisdiction, pursuant to 28 U.S.C. § 1332, *see, e.g.*, *McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 212-13 (1st Cir. 2012), in the event that CNMC is ultimately dismissed for failure to make service of process.  *See* 28 U.S.C. § 1446(b)(3).  If CNMC were not to be served, the remaining Defendants would also assert at the appropriate time that CNMC had been fraudulently joined in an effort to defeat diversity of citizenship.  *See* 28 U.S.C. § 1446(c)(1); *Universal Truck & Equip. Co. v. Southworth-Milton, Inc.*, 765 F.3d 103, 108-09 (1st Cir. 2014).

        d.     The Federal Circuit Courts to have considered the *Red Cross* rule as applied to Fannie Mae have unanimously determined that Fannie Mae's charter likewise confers upon federal district courts jurisdiction over any and all controversies to which Fannie Mae is a party. In *Lightfoot v. Cendant Mortg. Corp.*, the Ninth Circuit held that "[t]he sue-and-be-sued clause in Fannie Mae's charter authorizes Fannie Mae 'to sue and be sued, and to complain and to defend, in any court of competent jurisdiction, State or Federal' [and] that this language confers federal question jurisdiction over claims brought by or against Fannie Mae." 769 F.3d 681, 683 (9th Cir. 2014) (citing 12 U.S.C. § 1723a(a); *Red Cross*, 505 U.S. at 255). The Court stated that "[i]n *Red Cross*, the Supreme Court gave us a clear rule for construing sue-and-be-sued clauses for federally chartered corporations." *Id.*

        e.     Six years earlier, the D.C. Circuit had previously held as well that "[a]pplying the *Red Cross* rule to the present case, we find that there is federal jurisdiction because the Fannie Mae 'sue and be sued' provision expressly refers to the federal courts in a manner similar to the Red Cross statute." 534 F.3d 779, 784-85 (D.C. Cir. 2008) (collecting cases). "[I]n interpreting the Fannie Mae statute, [the Court saw] no need to muddy the waters by departing from *Red Cross*'s clear rule for interpreting the text of a federally chartered entity's sue-and-be-sued clause." *Id.* at 788.

        f.     Similarly, the Fifth Circuit has also affirmed, albeit without discussion, an opinion from the United States District Court for the North District of Texas that had summarily agreed that the Court had jurisdiction as conferred by the Fannie Mae charter. *See C.C. Port, Ltd. v. Davis-Penn Mortg. Co.*, 891 F.Supp. 371, 372 (N.D. Tex. 1994), *aff'd*, 58 F.3d 636 (5th Cir. 1995).

      g.    Recent District Court opinions have agreed with this application of the *Red Cross* rule as well.  In *In re Fannie Mae 2008 Sec. Litig.*, the Court held that "Fannie Mae's corporate charter provides that Fannie Mae may 'sue and be sued' in federal courts[, which] provides federal courts with subject matter jurisdiction [since the] 'sue and be sued' clause specifically refers to federal courts, thereby conferring federal jurisdiction."  Nos. 08 Civ. 7831(PAC), 09 Civ. 1352(PAC), 2009 WL 4067266, at *3 (S.D.N.Y. Nov. 24, 2009) (citing *Red Cross*, 505 U.S. at 255;  *Pirelli*, 534 F.3d at 784-88).

      h.    Lastly, in *Fed. Home Loan Bank of Boston v. Ally Fin., Inc.*, a decision of the U.S. District Court of the District of Massachusetts interpreted identical language in the charter of the Federal Home Loan Bank of Boston to likewise confer federal jurisdiction upon any action in which that federally chartered entity was a party.  Civ. No. 11-10952-GAO, 2012 WL 769731, at *1-3 (D.Mass. Mar. 9, 2012).  As the Court noted, "Federal National Mortgage Association ('Fannie Mae') . . . has a charter clause using the same formulation as [that of the Federal Home Loan Bank of Boston]" as at issue in that action.  *Id.* at *2.  "Applying the simple and mechanical *Red Cross* rule to this case, the 'sue or be sued' clause . . . 'specifically mentions the federal courts,' and therefore brings this case within the jurisdiction of this Court."  *Id.* at *3 (citing *Red Cross*, 505 U.S. at 255).

    3.    Pursuant to LR 40.1(C), the Eastern Division of the District of Massachusetts is the proper venue for removal, because this Division includes Norfolk County, in which the Superior Court Action was filed, and where Plaintiff resides, on information and belief.

4. No other initial pleadings have been served upon Defendants in the action. *See* 28 U.S.C. § 1446(a). Pursuant to LR 81.1, Defendants will, within twenty-eight (28) days after filing this Notice of Removal, file certified or attested copies of all records and proceedings in the State Court and a certified or attested copy of all docket entries in the State Court.

5. Pursuant to 28 U.S.C. § 1446(d), Defendants are simultaneously filing a copy of this Notice of Removal of the action with the Norfolk County Superior Court Department of the Massachusetts Trial Court, in the Superior Court Action. Defendants will serve Plaintiffs with a copy of this Notice of Removal and the Notice filed in the Superior Court Action.

6. By virtue of this Notice of Removal and the Notice filed in the Superior Court Action, Defendants do not waive their right to assert any personal jurisdictional defense or other motions including Rule 12 motions and/or motions to compel arbitration permitted by the Federal Rules of Civil Procedure.

    Respectfully submitted,

    DEFENDANTS
    NATIONSTAR MORTGAGE LLC and
    FEDERAL NATIONAL MORTGAGE
    ASSOCIATION

    By their attorneys,

    /s/ Matthew A. Gens
    James B. Fox, Esq. (BBO No. 176520)
    Matthew A. Gens, Esq. (BBO No. 675393)
    BERNKOPF GOODMAN LLP
    Two Seaport Lane, 9th Floor
    Boston, MA  02210
    Tel: (617) 790-3000
    Fax: (617) 790-3300
    jfox@bg-llp.com
    mgens@bg-llp.com

Dated:  March 12, 2015

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL MIRANDA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CNMC MANAGEMENT TRUST )<br>NATIONSTAR MORTGAGE LLC and )<br>FEDERAL NATIONAL MORTGAGE )<br>ASSOCIATION )<br>)<br>Defendants. ) | CIVIL ACTION NO.  1:15-cv-10806<br><br>(Mass. Super. Ct. Norfolk County<br>C.A. No. NOCV2014-01725) |

## **CERTIFICATE OF SERVICE**

I, Matthew A. Gens, hereby certify that a copy of the Notice of Removal, with all Exhibits thereto, was served via First Class Mail to Adam T. Sherwin, Esq., The Sherwin Law Firm, 5 Middlesex Avenue, 4th Floor Suite 400, Somerville, MA  02145 on March 12, 2015.

Signed under the pains and penalties of perjury this 12th day of March, 2015.

        Respectfully submitted,
        DEFENDANTS
        NATIONSTAR MORTGAGE LLC and
        FEDERAL NATIONAL MORTGAGE
        ASSOCIATION

        By their attorneys,


           /s/ Matthew A. Gens
        James B. Fox, Esq. (BBO No. 176520)
        Matthew A. Gens, Esq. (BBO No. 675393)
        BERNKOPF GOODMAN LLP
        Two Seaport Lane, 9th Floor
        Boston, MA  02210
        Tel: (617) 790-3000
        Fax: (617) 790-3300
        jfox@bg-llp.com
        mgens@bg-llp.com

628342 v1/38755/176