# EXHIBIT B

(TO PLAINTIFF'S ATTORNEY:   PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER)

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO.14  01725

DANIEL MIRANDA

........................................................., *Plaintiff(s)*

v.

CNMC MANAGEMENT TRUST;
NATIONSTAR MORTGAGE LLC; FEDERAL
NATIONAL MORTGAGE ASSOCIATION

., *Defendant(s)*

## SUMMONS

To the above-named Defendant:   NATIONSTAR MORTGAGE LLC

Adam T. Sherwin, Esq.

You are hereby summoned and required to serve upon ........................................................,
plaintiff's attorney, whose address is ........... 5 Middlesex Avenue 4th Floor Suite 400 Somerville, MA 02145 .,
an answer to the complaint which is herewith served upon you, within 20 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint. You are also required to file your answer to the
complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim
which you may have against the plaintiff which arises out of the transaction or occurrence that is the
subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other
action.

WITNESS,  JUDITH FABRICANT,  ESQUIRE     , at ........................................... the  19th

day of ..... February ........................., in the year of our Lord two thousand and  15

........................................... *Clerk.*

NOTES:
1.  This summons is issued pursuant to Rules 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all such defendants should appear in the caption.
    If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

A true copy

Suffolk County

## PROOF OF SERVICE OF PROCESS

      I hereby certify and return that on ..........................................., 20    , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

......................................................................................................................................................

......................................................................................................................................................

......................................................................................................................................................

Dated:               , 20        ......................................................................................

**N. B.**   **TO PROCESS SERVER:-**
        **PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

| , 20 |
|---|

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.      SUPERIOR COURT
                CIVIL ACTION

NO.

............................, *Plaintiff*

v.

............................, *Defendant*

**SUMMONS**

**(Mass. R. Civ. P.4)**

# Commonwealth of Massachusetts
## County of Norfolk
## The Superior Court

CIVIL DOCKET # NOCV2014-01725-C
Courtroom CtRm 20

RE:  **Miranda v CNMC Management Trust et al**
TO:

Adam Sherwin, Esquire
The Sherwin Law Firm
5 Middlesex Ave, 4th Fl.,Ste,400
Somerville, MA 02145

RECEIVED
DEC 28 2014

## SCHEDULING ORDER  FOR  X  TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINES |
|---|---|
| Service of process made and return filed with the Court by | 03/22/2015 |
| case shall be resolved and judgment shall issue by 12/17/2015. | 12/17/2015 |

- **The final pre-trial deadline is <u>not the scheduled date of the conference</u>.**
- **You will be notified of that date at a later time.**
- **Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

Dated: 12/22/2014

Walter F. Timilty
Clerk of the Court

Location: CtRm 20
Telephone:

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130 --Check website as to status of case: http://ma-trialcourts.org/tcic 1380260 inidoc01 goodnico

## COMMONWEALTH OF MASSACHUSETTS

**Norfolk, S.S.**                                     **NORFOLK SUPERIOR COURT**
**CIVIL ACTION NO.**

---

**DANIEL MIRANDA**

     **Plaintiff**

**v.**

**CNMC MANAGEMENT TRUST**

**NATIONSTAR MORTGAGE LLC**

**FEDERAL NATIONAL MORTGAGE
ASSOCIATION**

     **Defendants**

---



## <u>COMPLAINT</u>

NOW COMES the Plaintiff, Daniel Miranda, and by and through his undersigned counsel bring this complaint against Defendants for violation of the Borrower's Interest Act, unfair and deceptive business practices, and unconscionability.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over all claims pursuant to G.L. c. 212, § 4.

2. This Court has jurisdiction over Defendants pursuant to G.L. c. 223A, § 3.

3. Venue is appropriate in this Court as the loan transaction and other events and transactions in question occurred in Norfolk County, where the property at issue is also located and where Plaintiff lives.

## PARTIES

4. Plaintiff resides at 40 Somerset Road, Brookline, MA.

5. Upon information and belief, Defendant Nationstar Mortgage LLC has its usual place of business at 8950 Cypress Waters Blvd, Dallas TX 75063. Defendant's registered agent in the Commonwealth of Massachusetts is Corporation Service Company, 84 State Street, Boston MA 02109.

6. Upon information and belief, Defendant Federal National Mortgage Association is a government-sponsored enterprise with headquarters at 3900 Wisconsin Avenue, NW Washington, DC 20016-2892.

7. Upon information and belief, Defendant CNMC Management Trust is a Massachusetts business entity, with a registered agent in Massachusetts listed as Brian F. Spillane, 60 McGrath Highway, Quincy MA 02169. According to the Secretary of State, Consumer Home Mortgage Corporation of America—the entity who refinanced Plaintiff's mortgage loan—merged into this entity in 2012.


## STATEMENT OF FACTS


8. Plaintiff Daniel Miranda inherited his home at 40 Somerset Road, Brookline, MA with his brother on or around 1971. His brother later conveyed the entire property to him.

9. In 1986, Plaintiff Daniel Miranda conveyed the property to his wife, Marguerite Miranda, and himself.

10. Plaintiff and his wife are house cleaners who earn approximately $30,000/year. This has been their approximate income for the last six years. Plaintiff and his wife are active members of their community and frequently perform community service by helping to raise money for children in need.

11. In 2004, Plaintiff obtained a loan with East-West Mortgage Company for $175,000 and granted a mortgage to secure this debt.

12. Plaintiff refinanced his loan with East-West Mortgage Company in 2005, 2006, 2007.

13. On February 14, 2008, Plaintiff refinanced his entire mortgage loan with a new lender: Consumer Home Mortgage Corporation of America (who later merged with Defendant CNMC Management Trust).

14. Plaintiff signed a promissory note with Consumer Home Mortgage Corporation of America for $417,000 with a term of 30 years and a 5.750% interest rate. This resulted in a monthly principle/interest payment of $2,433.50 (not including his required monthly escrow payment of taxes and insurance).

15. During the application process, a representative from Consumer Home Mortgage Corporation of America encouraged Plaintiff and his wife to inflate their yearly income based on speculative, undocumented earnings.

16. With this representative's assistance, Plaintiff's income was listed in their loan application as $5,300.

17. Plaintiff's income at the time of this refinance was only around $2,300/month, which came largely from his house cleaning business.

18. Following this refinance, Plaintiff kept in touch with this representative from Consumer Home Mortgage Corporation of America. This representative later told Plaintiff and his wife that she believed it was a mistake to have given them this refinance.

19. In 2010, Plaintiff and his wife began having difficulty making these mortgage loan payments, on account of the economy and their inability to make the targeted income that Consumer Home Mortgage Corporation of America listed in their mortgage loan application.

20. Plaintiff was unable to continue making payments as of December 29, 2010 and subsequently defaulted.

21. In 2013, Plaintiff's mortgage was transferred to Defendant Nationstar Mortgage, who is presently the loan servicer.

22. Upon information and belief, the holder of the promissory note is Defendant Federal National Mortgage Association.

23. In October 2014, Defendant Nationstar Mortgage, through its law firm, notified Plaintiff that it was accelerating hiis mortgage loan. Upon information and belief, Defendant is intending to foreclose Plaintiff's home in the immediate future.

24. On November 13, 2014, Plaintiff sent Defendants a Chapter 93A demand letter.

25. Defendants Nationstar Mortgage and Federal National Mortgage Association responded to Plaintiff's demand letter, but made no settlement offer to Plaintiff.

## CAUSES OF ACTION

### I.    BORROWER'S INTEREST ACT - G. L. c. 183, § 28C

26.  Plaintiff restates and reaffirms all prior allegations.

27.  "A lender shall not knowingly make a home loan if the home loan pays off all or part of an existing home loan that was consummated within the prior 60 months or other debt of the borrower, unless the refinancing is in the borrower's interest." G.L. c. 183, § 28C.  Liability for this violation of the law falls not only on the originating lender, but also on any entities who have acquired the loan since its origination. *Drakopoulos v. U.S. Bank Nat'l Ass'n*, 465 Mass. 775, 782 (2013).

28.  In 2008, Consumer Home Mortgage Corporation of America refinanced Plaintiff's home loan that he had consummated the year before.

29.  Plaintiff's monthly mortgage payment after this refinance—including principle, interest, and escrow payments—*exceeded* his monthly gross income.

30.  Moreover, a representative of Consumer Home Mortgage Corporation of America admitted that she should not have given this loan to Plaintiff.

31.  As such, this refinance was not in Plaintiff's best interest.

32.  As a result of this refinance, Plaintiff is facing the imminent foreclosure of his home, potential loss of equity in his home, damage to his credit score, emotional distress, and attorney fees.

33.  Plaintiff is entitled to both legal and equitable relief for this violation.

## II.   CHAPTER 93A

34. Plaintiff restates and reaffirms all prior allegations.

35. A lender commits an unfair and deceptive act by making a mortgage loan with a borrower that a borrower is unlikely to be able to repay. *Drakopoulos v. U.S. Bank Nat'l Ass'n*, 465 Mass. 775, 786 (2013). Liability for this violation of the law falls not only on the originating lender, but also on any entities who have acquired the loan since its origination. *Id.* at 782.

36. Consumer Home Mortgage Corporation of America committed an unfair and deceptive act by making a mortgage loan with Plaintiff that Plaintiff was unlikely to be able to repay. The payments for this loan exceeded Plaintiff's income and the ability of Plaintiff to make these payments depended on speculative, undocumented income. Moreover, a representative from Consumer Home Mortgage Corporation of America admitted that it should never have made this loan.

37. As a result of this unfair and deceptive act, Plaintiff is facing the imminent foreclosure of his home, potential loss of equity in his home, damage to his credit score, emotional distress, and attorney fees.

38. Plaintiff is entitled to legal and equitable relief for these violations.

## III.   UNCONSCIONABILITY

39. Plaintiff restates and reaffirms all prior allegations.

40. A mortgage loan is unconscionable if it is "doomed to foreclosure from the start" resulting from, *inter alia*, gross disparity in the consideration, high pressure sales

tactics and misrepresentations, and unfair terms.  *Drakopoulos v. U.S. Bank Nat'l Ass'n*, 465 Mass. 775, 787 (2013).

41.  Plaintiff's mortgage loan was unconscionable because his mortgage loan with Consumer Home Mortgage Corporation of America came with a monthly payment that *exceeded* his documented, monthly income.  Plaintiff's ability to make these payments depended on Plaintiff being able to make speculative, undocumented amounts of income.

42.  As a result of this mortgage loan, Plaintiff is facing the imminent foreclosure of his home, potential loss of equity in his home, damage to his credit score, emotional distress, and attorney fees.

43.  Plaintiff is entitled to legal and equitable relief for these violations.


**CONCLUSION**

**WHEREFORE**, Plaintiff demands judgment on each count in this Complaint and other just relief as this court deems fitting and proper.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL APPLICABLE COUNTS

Respectfully Submitted,

Adam T. Sherwin, Esq. (BBO# 680751)
The Sherwin Law Firm
5 Middlesex Avenue, 4th Floor Suite 400
Somerville, MA 02145
(617) 336-3236 (p)
(617) 284-6089 (f)
adam@sherwinlawfirm.com

Dated:  December 22, 2014